**Donato PANNARALE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 43S05–9408–CR–782.

Supreme Court of Indiana.

Aug. 16, 1994.

Donato Pannarale, pro se.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Facing multiple drug charges, Donato Pannarale made a plea agreement with the Kosciusko County prosecutor. In exchange for the State's dismissal of some of these pending charges, he pled guilty to dealing in cocaine, a class B felony, and the prosecutor agreed to recommend a sentence not exceeding ten years. The court imposed a sentence of ten years in June 1989.

Three years later, Pannarale petitioned to reduce his sentence pursuant to a sentence reduction statute, Ind.Code Ann. § 35–38–1–23 (West Supp.1993).[1] The trial court denied his petition. The Court of Appeals expressed the view that its holdings in *Thompson v. State* (1993), Ind.App., 617 N.E.2d 576, and *Schippers v. State* (1993), Ind.App., 622 N.E.2d 993, both based on *State ex rel. Goldsmith v. Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109, prohibit consideration of requests for sentence reduction. The Court of Appeals thus affirmed *Pannarale v. State* (1994), Ind.App., 627 N.E.2d 828. We grant transfer.

■ Plea agreements between criminal defendants and prosecutors are designed to induce the defendant to plead guilty, typically in return for a promise of less than the maximum sentence. As we observed in *Goldsmith,* a plea agreement is contractual in nature, binding the defendant, the state and the trial court. *See also Thompson,* 617 N.E.2d at 578. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: "If the court accepts a plea agreement, it shall be bound by its terms." Ind.Code Ann. § 35–35–3–3(e) (West Supp.1993).

■ As the statute suggests, the trial court may at its discretion reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing. Even after a sentence has been imposed pursuant to a plea agreement containing a recommendation of a specific term of years, that sentence may not be altered upon subsequent motion, such as under Ind. Code § 35–38–1–23 for "shock probation," unless the agreement contained a specific reservation of such authority for the trial judge. *Goldsmith* 275 Ind. at 551–52, 419 N.E.2d at 114.

*Goldsmith* and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later.

■ Applying this rule to Pannarales request for a reduction in sentence, we look first at the terms of his plea agreement. Pannarale and the prosecutor did not agree on a specific term of incarceration. Instead, the plea agreement provided that the trial court could sentence Pannarale for *up to* ten years. The court thus retained a considerable amount of discretion in determining the specific number of years to be imposed.

■ While the trial court may not impose a sentence greater or lesser than that contained in the plea agreement, it does not lose any discretion it possessed at the time of initial sentencing when subsequent petitions

---

1. This statute allows persons sentenced to prison for more than four years (§ 23(a)(1)) to petition the sentencing court for a reduction in their sentences. Such prisoners must be less than two years from their earliest possible release date (§ 23(a)(3)) and must meet various other specified criteria such as achieving certain educational goals (§§ 23(a)(2) and (a)(4)(A) to (C)), as well as demonstrate "a pattern of behavior consistent with evidence of rehabilitation" (§ 23(a)(5)).

Although sentenced to ten years' imprisonment, assuming good behavior while in prison Pannarale would be eligible for parole after serving half that time, or five years. Thus, he could petition for a sentence reduction under § 35–38–1–23 after having served three years, that is, within two years of his earliest possible release. This statute was apparently passed to provide positive incentives (i.e., early release) for participation in prison rehabilitation programs in response to the increasingly acute problem of prison overcrowding.

for modification are presented. Rather, the court retains the authority to modify a sentence so long as the modified sentence would not have violated the plea agreement had it been the sentence originally imposed. As we held in *Goldsmith,* the prospect of future sentence modification may be contemplated by the parties in their plea bargaining, and specifically provided for in the plea agreement. 275 Ind. at 551–52, 419 N.E.2d at 114. We went on to observe that when no term is specified in the plea agreement, "sentencing falls within the ambit of the trial court's discretion upon acceptance of the agreement." *Id.*

Because the trial judge here could have sentenced Pannarale to fewer years of incarceration when he initially passed sentence in 1989, he may subsequently reduce the ten-year sentence actually imposed. When he accepted the plea agreement and sentenced Pannarale to prison, the only restriction imposed on Judge Burner by the plea agreement was an upper limit on the sentence of ten years. The language from *Goldsmith* relied on by the Court of Appeals regarding a specific reservation of authority in the plea agreement pertained to plea agreements which dictate the term of years to be imposed. Such a reservation of authority is unnecessary when the agreement leaves to the discretion of the sentencing judge the determination of the length of incarceration within a certain limit.

The plea agreement in this case does not bar Judge Burner from modifying Pannarale's sentence pursuant to Ind.Code § 35–38–1–23. On the other hand, Judge Burner is not required to reduce Pannarale's sentence. Accordingly, the cause is remanded to the trial court to consider the merits of Pannarale's petition. On the issue of the trial court's denial of appellant's motion for return of property, we agree that the denial was proper and summarily affirm the Court of Appeals on that issue. Ind.Appellate Rule 11(B)(3).

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.