**Stephen M. KURTZ, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–9408–CR–289.**

Court of Appeals of Indiana, Third District.

March 15, 1995.

■

---

denying his petition for modification of sentence.[1]

We reverse and remand.

Kurtz's plea agreement contained no provisions regarding sentencing or the subsequent modification thereof. As a result, the trial court denied Kurtz's modification petition, reasoning that without a reservation of authority to grant a sentence reduction in the plea agreement, the trial court was without authority to do so. The trial court based this conclusion on our Fifth District's recent decision in *Pannarale v. State* (1994), Ind.App., 627 N.E.2d 828.

This issue has since been addressed by our supreme court. *Pannarale v. State* (1994), Ind., 638 N.E.2d 1247. In determining that the existence of a plea agreement does not always divest the trial court of its discretion to consider sentence modification, our supreme court stated:

> While the trial court may not impose a sentence greater or lesser than that contained in the plea agreement, it does not lose any discretion it possessed at the time of initial sentencing when subsequent petitions for modification are presented. Rather, the court retains the authority to modify a sentence so long as the modified sentence would not have violated the plea agreement had it been the sentence originally imposed.

*Id.* at 1248–1249. The court went on to conclude that a specific reservation of authority is unnecessary when the plea agreement leaves the determination of the sentence to the discretion of the sentencing judge. *Id.* at 1249.

The plea agreement entered into by Kurtz and the State was silent as to sentencing; the matter was wholly within the trial court's discretion. Accordingly, the trial court retained the authority to consider Kurtz's petition to modify his sentence.

*Spears v. State* (1993), Ind.App., 621 N.E.2d 366, 367.

Danny L. Williams, Williams & Associates, Angola, for appellant.

Pamela Carter, Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Stephen Kurtz ("Kurtz") pled guilty to robbery, a class B felony. After accepting the terms of the plea agreement, the trial court entered judgment of conviction and sentenced Kurtz to twenty years imprisonment. Kurtz subsequently filed a petition for sentence modification, which was denied. Kurtz raises one issue on appeal, which we restate as whether the trial court erred in

1. We note initially that the State waived filing a brief in this case. In such instances, this court will reverse upon a showing of prima facie error.

We reverse and remand with instructions that the trial court consider the merits of Kurtz's petition.

GARRARD and ROBERTSON, JJ., concur.