**STATE of Indiana, Appellant–Respondent,**

v.

**Richard E. FULKROD, Appellee–Petitioner.**

**No. 48A02–0003–CR–176.**

Court of Appeals of Indiana.

Sept. 29, 2000.

Rehearing Denied Nov. 29, 2000.

Karen M. Freeman–Wilson, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Patrick R. Ragains, Smith & Ragains, Anderson, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

The State appeals the trial court's modification of Richard Fulkrod's forty-year sentence to the Indiana Department of Correction for voluntary manslaughter. We reverse.

### Issue

The State raises the following restated issue for our review: whether the trial court properly modified Fulkrod's sentence without the prosecutor's approval after more than 365 days had elapsed from the date Fulkrod began to serve his sentence to the date Fulkrod filed his Petition for Sentence Modification with the trial court.

### Facts and Procedural History

On February 1, 1992, Fulkrod shot his wife Sharon Fulkrod four times. She later died from her injuries. Fulkrod ultimately pleaded guilty to voluntary manslaughter, a Class A felony. On September 21, 1994, the trial court sentenced Fulkrod to forty years at the Indiana Department of Correction. On May 26, 1999, Fulkrod filed with the trial court a Petition for Modification of Sentence. Following a hearing on the petition, the trial court entered an order modifying Fulkrod's sentence to twenty-five years, all but fifteen years suspended. On December 20, 1999, the State filed a motion to correct errors, a motion which the trial court later denied. This appeal ensued.

### Discussion and Decision

The State contends that the trial court erred in modifying Fulkrod's sentence without the prosecutor's approval after more than 365 days had elapsed from the date Fulkrod began to serve his sentence to the date that Fulkrod filed his Petition for Sentence Modification. We agree.

### I. Standard of Review

Sentencing is conducted within the "discretion of the trial court and will be reversed only upon a showing of abuse of that discretion." *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992). The trial court also has discretion to determine "whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances." *Id.* Generally, a trial judge has no authority over a defendant after he or she pronounces sentence. *Dier v. State*, 524 N.E.2d 789, 790 (Ind.1988). Any continuing jurisdiction after final judgment has been pronounced must either derive from the judgment itself or be granted to the court by statute or rule. *Schweitzer v. State*, 700 N.E.2d 488, 492 (Ind.Ct.App. 1998), *trans. denied.*

### II. Reduction of Sentence

On July 21, 1994, Fulkrod entered into a written plea agreement for voluntary manslaughter, a Class A felony, which provided in pertinent part that:

> At the time of the taking of the guilty plea, and again at the time of [Fulkrod's] sentencing, the State will recommend as the sentence to be imposed as follows:
>
> > Parties have agreed that within a range of fifteen (15) to forty (40) years the parties shall argue sentencing before the Court and the Court shall select the specific years of the sentence from that range.

R. 45. On September 21, 1994, the trial court sentenced Fulkrod to forty years at the Indiana Department of Correction, with 963 days credit for time served. R. 89. At the sentencing hearing, the trial court stated:

> what I want to do is go ahead and give you the maximum sentence but I want to reserve the right to modify it after I get a report from the Department of Corrections. It may turn out that a modification is justified.... The Court requests a psychological report from the Indiana Department of Corrections and if [defense counsel]feel[s] the need just let me know and I will set it down for further hearing and I will consider a

sentence modification based on what they say.

R. 375, 380.

On May 26, 1999, Fulkrod filed a Petition for Modification of Sentence with the trial court. Following a hearing on the petition, the trial court granted Fulkrod's petition and entered an order reducing Fulkrod's sentence. The order provides in pertinent part that:

This matter came before the Court on the defendant's request for modification of sentence. After taking this matter under advisement, the Court finds as follows:

[Fulkrod] was originally charged with Count I, Murder. [Fulkrod] pled guilty to an amended Count I, Voluntary Manslaughter. Judge Spencer on September 21, 1994 sentenced [Fulkrod] to forty years. The presumptive sentence at the time of the sentencing was twenty-five years. Judge Spencer aggravated the sentence by fifteen years. Fulkrod challenged the sentence on appeal. The Indiana Court of Appeals affirmed Judge Spencer's forty year sentence.

\* \* \*

This Judge has previously ruled that modification jurisdiction was retained by this Court when Judge Fredrick Spencer, the sentencing judge, stated on September 21, 1994, the sentencing date, that "Court reserves the right to modify sentence ..."

[Fulkrod] has served seven years toward his sentence.

The Court now modifies [Fulkrod's] sentence to twenty-five years. Of the twenty-five years [Fulkrod] shall serve fifteen years incarcerated in the Department of Corrections and ten years on probation.

R. 187–88.

█ The State argues that the "granting of Fulkrod's petition was erroneous because the trial court lacked the statutory authority [under Indiana Code section 35–38–1–17] to modify his sentence." Brief of Appellant at 7. Fulkrod argues that the trial court's "modified sentence falls within the parameters of what the State bargained for originally," and that according to *Pannarale v. State,* 638 N.E.2d 1247 (Ind.1994), "the trial court retained the authority to modify Fulkrod's sentence to twenty-five years with ten suspended." Brief of Appellee.

We believe that *Pannarale* is inapplicable in the present case. In *Pannarale,* the defendant agreed to plead guilty in exchange for the prosecutor's promise to recommend a sentence not exceeding ten years. 638 N.E.2d at 1248. The defendant was ultimately sentenced to ten years. *Id.* Thereafter, the defendant petitioned the trial court for a modification of his sentence under Indiana Code section 35–38–1–23. *Id.* The trial court denied the defendant's petition, a decision which was later affirmed by this court. *Id.* The Indiana Supreme Court held that "[b]ecause the trial judge here could have sentenced [the defendant] to fewer years of incarceration when he initially passed sentence ..., he may subsequently reduce the ten year sentence actually imposed." *Id.* at 1249.

█ After examining Indiana Code section 35–38–1–23 and Indiana Code section 35–38–1–17, it appears that the two statutory provisions conflict. However, the legislature repealed Indiana Code section 35–38–1–23 in 1999. Therefore, we agree with the State that the controlling authority in the present case is Indiana Code section 35–38–1–17, which provides in pertinent part that:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning

the defendant's conduct which imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five days (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney.

This court has previously held that where the prosecuting attorney acquiesces in the petition for sentence modification under subsection (b) of Indiana Code section 35–38–1–17, the decision to grant or deny the motion is within the trial court's discretion. *Marshall v. State*, 563 N.E.2d 1341, 1343 (Ind.Ct.App.1990), *trans. denied.* Where the prosecuting attorney opposes the petition for sentence modification under subsection (b) of Indiana Code section 35–38–1–17, the trial court lacks authority to modify the sentence. *Sanders v. State*, 638 N.E.2d 840, 841 (Ind.Ct.App.1994). Therefore, a trial court lacks the requisite jurisdiction to modify a sentence under Indiana Code section 35–38–1–17(b) unless the prosecutor acquiesces in a defendant's petition for sentence modification.

Fulkrod began to serve his sentence on September 21, 1994. R. 378–79. Fulkrod filed his Petition for Modification of Sentence with the trial court on May 26, 1999, more than four years from the date Fulkrod began to serve his sentence. R. 179–80. At the hearing on Fulkrod's petition, the prosecutor objected to the sentence modification. R. 440–41. Therefore, Fulkrod is unable to demonstrate that the prosecutor evinced approval of the motion for sentence modification. Thus, the trial court lacked the jurisdiction to modify Fulkrod's sentence because more than 365 days had expired from the date Fulkrod began to serve his sentence to the date Fulkrod filed his Petition for Sentence Modification and the prosecutor refused to grant his approval to the sentence modification.

*Conclusion*

Based on the foregoing, we hold the trial court erred in modifying Fulkrod's sentence without the prosecutor's approval because more than 365 days elapsed from the date Fulkrod began to serve his sentence to the date Fulkrod filed his Petition for Sentence Modification with the trial court.

Reversed.

MATHIAS, J., and MATTINGLY, J., concur.