Gary KEYS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0012–CR–520.

Court of Appeals of Indiana.

April 17, 2001.

Hilary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Defendant, Gary Keys (Keys), appeals the trial court's denial of his Motion for Modification of Placement.

We affirm.

*ISSUE*

Keys raises one issue on appeal, which we restate as follows: Whether the trial court erred in denying his Motion for Modification of Placement.

*FACTS AND PROCEDURAL HISTORY*

On January 10, 1995, Keys was charged with one count of burglary, a Class B felony, Ind.Code § 35–43–2–1. Thereafter, on December 5, 1995, pursuant to a plea agreement, Keys pled guilty to burglary and was subsequently sentenced on January 16, 1996, to a total sentence of eight years, two years suspended and six years executed. Keys did not begin serving his sentence until August 20, 1998.

On November 16, 2000, Keys filed a Motion for Modification of Placement and requested that he be allowed to serve the remainder of his executed sentence at Hoch Correctional Consultants & Services

Home Detention/Day Reporting Program. On November 28, 2000, the trial court denied Keys' motion concluding that Keys failed to obtain the prosecuting attorney's consent to the sentence modification as required by Ind.Code § 35–38–1–17(b).

This appeal followed.

### DISCUSSION AND DECISION

Keys contends that the trial court erred in denying his Motion for Modification of Placement. Specifically, Keys argues that the trial court considered the wrong statute in ruling on Keys' Motion for Modification of Placement.

■ "Generally, a trial judge has no authority over a defendant after he or she pronounces sentence." *State v. Fulkrod*, 735 N.E.2d 851, 852 (Ind.Ct.App.2000). Thus, "any continuing jurisdiction after final judgment had been pronounced must either derive from the judgment itself or be granted to the court by statute or rule." *Id.* Here, the trial court considered Keys' motion for a sentence modification under Ind.Code § 35–38–1–17, which provides:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence;

(2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

(3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. The court must give notice of the order to reduce or suspend the sentence under this section to the victim (as defined in IC 35–35–3–1) of the crime for which the defendant is serving the sentence.

(c) The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35–50–2–2.

(d) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

(e) Notwithstanding subsections (a) and (b), the court is not required to conduct a hearing before reducing or suspending a sentence if:

(1) the prosecuting attorney has filed with the court an agreement of the reduction or suspension of the sentence; and

(2) the defendant has filed with the court a waiver of the right to be present when the order to reduce or suspend the sentence is considered.

Based on this statute, the trial court denied Keys' motion because it was filed over 365 days after he began serving his sentence and Keys had not obtained the prosecuting attorney's approval of the motion. However, Keys asserts that Ind. Code § 35–38–1–17 concerns suspension of sentences to probation, not suspensions to community corrections as requested by Keys. Keys asserts that Ind.Code § 35–38–2.6–3 applies to the suspensions of sentences to community corrections and that this statute does not require the prosecutor's approval.

■ Ind.Code § 35–38–2.6–3 provides:

(a) The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to

commitment to the department of correction. The court may impose reasonable terms on the placement.

(b) Placement in a community corrections program under this chapter is subject to the availability of residential beds or home detention units in a community corrections program.

(c) A person placed under this chapter is responsible for the person's own medical care while in the placement program.

(d) Placement under this chapter is subject to the community corrections program receiving a written presentence report or memorandum from a county probation agency.

In response, the State argues that Ind. Code § 35–38–2.6–3 merely authorizes the trial court to suspend a sentence and place a defendant in a community corrections program at the time of sentencing, but that it does not allow the trial court to modify placement after sentencing. We agree.

■ Ind.Code § 35–38–1–17 provides the trial court with the authority, under certain circumstances, to modify a defendant's sentence. On the other hand, Ind. Code § 35–38–2.6–3 allows the trial court to suspend a sentence and place a defendant in community corrections at the time of the original sentencing. If after sentencing, a defendant requests to modify his placement and be allowed to serve his sentence in a community corrections program, this is a request for a modification of sentence under Ind.Code § 35–38–1–17. *See State v. Porter*, 729 N.E.2d 591, 593 (Ind.Ct.App.2000), n. 1. Consequently, here, Keys was requesting the trial court modify his sentence by placing him in a community corrections program. And, since Keys did not file this request within 365 days of the date he began serving his sentence, he was required to obtain the prosecuting attorneys approval prior to filing his motion. He failed to do this.

[U]pon expiration of the 365–day limit outlined in I.C. § 35–38–1–17(b), "notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of his sentence is concerned." *Beanblossom v. State*, 637 N.E.2d 1345, 1347 (Ind.Ct.App.1994), *trans. denied.* If the prosecuting attorney should acquiesce in the motion for sentence modification under subsection (b) of the statute, the decision to grant or deny the motion is within the trial court's discretion. On the other hand, if the prosecuting attorney should oppose the motion for sentence modification, the trial court lacks authority to modify the sentence. *Schweitzer*, 700 N.E.2d at 492.

*Porter*, 729 N.E.2d at 592–593.

Thus, where the prosecutor does not acquiesce in a defendant's motion for modification of sentence under Ind.Code § 35–38–1–17(b), the trial court is without the authority and jurisdiction to modify the sentence. *Fulkrod*, 735 N.E.2d at 854. Accordingly, the trial court lacked the authority to hear Keys' Motion for Modification of Placement and properly denied the same.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied Keys' Motion for Modification of Placement.

Affirmed.

DARDEN, J., and ROBB, J., concur.