**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
**IAN McLEAN**
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JEFFERY DEAN STONEBRAKER**
Chief Public Defender
Jeffersonville, Indiana

**JENNIFER H. CULOTTA**
Jeffersonville, Indiana



FILED

Sep 28 2012, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1202-CR-71 |
| | ) | |
| JAMIE RAY SHECKLES, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-0801-FA-20

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The State charged Jamie Ray Sheckles with four felonies, and Sheckles and the State entered into a plea agreement for Class B felony dealing in a narcotic drug. According to the plea agreement, Sheckles was required to serve fifteen years in the Indiana Department of Correction but could petition for modification of his sentence after serving twelve years. Less than three years after he was sentenced, Sheckles filed a motion to enter work release, which the trial court granted. The State now appeals.

Because the restricted right to seek modification of his sentence was an explicit term in Sheckles' plea agreement, the trial court became bound by that term when it accepted the agreement. Accordingly, the court could not modify Sheckles' sentence until he served twelve years. We therefore reverse and remand.

**Facts and Procedural History**

In January 2008, the State charged Sheckles with Class A felony dealing in a narcotic drug, two counts of Class B felony possession of a firearm by a serious violent felon, and Class D felony maintaining a common nuisance. In October 2008, the State amended the Class A felony dealing charge to a Class B felony. *See* Apr. 2, 2009, Tr. p. 5-6; Appellant's App. p. 4 (CCS).

On April 2, 2009, Sheckles and the State submitted a written plea agreement to the trial court whereby Sheckles would plead guilty to Class B felony dealing in a narcotic drug and the State would dismiss the remaining charges as well as a pending probation-revocation matter. Appellant's App. p. 100; Apr. 2, 2009, Tr. p. 6-9. In exchange, Sheckles would receive "a fifteen (15) year fixed term of imprisonment at the Indiana

Department of Correction[]" and retain "the right to petition the Court for modification of the judgment entered after serving twelve (12) years." Appellant's App. p. 100. The trial court accepted the plea agreement and sentenced Sheckles that day. The trial court clarified with Sheckles that he was eligible "for a sentence modification after [he] served twelve years which could be served in six years less [his] credit time served." Apr. 2, 2009, Tr. p. 10. Sheckles had already served approximately fifteen months at the time of sentencing in this case. *See id.* at 11 ("So basically . . . you could serve the twelve year term in six calendar years less four hundred and forty-nine days.").

In December 2011, which was less than three years after his April 2009 sentencing, Sheckles filed a motion for work release alleging that he was a model inmate while in the Clark County Jail.[1] Appellant's App. p. 120. In January 2012, the trial court granted Sheckles' motion and allowed him to serve his sentence in the Clark County Community Corrections Work Release Program.[2] *Id.* at 123.

The State now appeals.

**Discussion and Decision**

The State contends that the trial court acted outside its authority when it modified Sheckles' sentence before he served twelve years in the Department of Correction as required by his plea agreement. We agree.

---

[1] Although Sheckles was supposed to be serving his time in the DOC according to the plea agreement, he was actually serving his time in the Clark County Jail.

[2] According to the Odyssey Case Management System, a petition to revoke Sheckles' work-release placement was filed in March 2012, barely two months into his placement. This matter is still pending.

Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). A plea agreement is contractual in nature, binding the defendant, the State, and the trial court. *Id.* The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: if the court accepts a plea agreement, it shall be bound by its terms. *Id.*; *see also* Ind. Code § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be bound by its terms."). Once a trial court accepts a plea agreement, the terms of the agreement constrain the discretion that the court would otherwise employ in sentencing. *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994); *Robinett v. State*, 798 N.E.2d 537, 540 (Ind. Ct. App. 2003), *trans. denied*.

Even after a sentence has been imposed pursuant to a plea agreement containing a specific term of years, that sentence may not be altered unless the agreement contains a specific reservation of such authority for the trial judge. *Pannarale*, 638 N.E.2d at 1248; *Robinett*, 798 N.E.2d at 540. As our Supreme Court has observed, "a deal is a deal." *Pannarale*, 638 N.E.2d at 1248 (citing *State ex rel. Goldsmith v. Marion Cnty. Superior Court*, 275 Ind. 545, 419 N.E.2d 109 (1981)). That is, once a trial court accepts a plea agreement, the court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later. *Id.*

Here, the plea agreement includes not only an explicit term for the length of Sheckles' sentence but also placement restrictions for his sentence. That is, the plea agreement provides that Sheckles must serve fifteen years in the DOC. Appellant's App.

p. 100. While the agreement also permits Sheckles to later petition for modification of his sentence, this modification is not permitted until he serves twelve years. *Id.* This restriction is explicitly stated in the agreement and was carefully covered during Sheckles' guilty-plea colloquy. Apr. 2, 2009, Tr. p. 10. The trial court told Sheckles that he would have to serve six actual years (less credit time) before he could seek modification of his sentence. *Id.* At the time of sentencing, Sheckles had already served fifteen actual months. Thus, he would have to serve an additional fifty-seven months before he could seek modification of his sentence. According to the State, the earliest Sheckles would be able to file a motion to modify his sentence would be December 7, 2013. *See* Appellant's Br. p. 5 n.1.

Because the restricted right to seek modification of his sentence was an explicit term in Sheckles' plea agreement, the trial court became bound by that term when it accepted the agreement. Therefore, the court could not modify Sheckles' sentence until he served twelve years. In addition, we note that when the State entered into the plea agreement with Sheckles, it dismissed three other felony charges as well as a pending probation-revocation matter. To allow Sheckles to seek premature modification would give him a benefit that was not part of the parties' explicit bargain.

Finally, we note that Sheckles points to Indiana Code section 35-38-1-17(b) as authority for the trial court to place him in the Clark County Community Corrections Work Release Program without the approval of the prosecuting attorney. This section provides:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which

5

the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, *if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction*, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6.

Ind. Code § 35-38-1-17 (emphasis added). The trial court could not have placed Sheckles in a community-corrections program because the plea agreement did not allow the court to do so. *See Pannarale*, 638 N.E.2d at 1248 (noting that once a trial court accepts a plea agreement, the terms of the agreement constrain the discretion that the court would otherwise employ in sentencing). Accordingly, Section 35-38-1-17(b) does not help Sheckles here.

The trial court's ruling modifying Sheckles' sentence well before the requisite time period expired contravenes the explicit terms of the plea agreement. Unfortunately for Sheckles, a deal is deal. We therefore reverse the trial court and order Sheckles returned to the DOC.

Reversed and remanded.

MATHIAS, J., and BARNES, J., concur.