Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 03 2013, 5:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM PAUL SALLEE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A05-1303-CR-151 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause Nos. 90C01-1211-FB-23, 90C01-1212-FB-25

**December 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

William Paul Sallee, Jr., ("Sallee"), pleaded guilty in Wells Circuit Court to two counts of Class B felony burglary. On appeal, Sallee claims that the trial court failed to abide by the terms of the plea agreement when it sentenced him to consecutive terms of ten years incarceration on each count, for an aggregate term of twenty years.

We affirm.

**Facts and Procedural History**

On November 28, 2012, the State charged Sallee with one count of Class B felony burglary of a residence, specifically, an apartment in a duplex. On December 17, 2012, the State charged Sallee with another count of Class B felony burglary of a place of worship. Sallee was charged along with co-defendants Brittany Gutierrez ("Gutierrez") and Travis Dollarhite ("Dollarhite"). On February 6, 2013, Sallee entered into a plea agreement with the State whereby he agreed to the following:

> Defendant shall enter a plea of guilty in 90C01-1211-FB-000023 to Count I, Burglary, class B felony and in 90C01-1212-FB-000025 to Count I, Burglary, class B felony. Sentencing shall be left to the discretion of the Court, with the State making no specific recommendation at sentencing. *Any sentences in 90C01-1211-FB-000023 and 90C01-1211-FB-000025 shall be served concurrently, if defendant agrees to testify against co-defendants, Travis Dollarhite and Brittany Gutierrez, in both case[s] at any deposition, hearing or trial.*

Appellant's App. p. 46 (emphasis added). The trial court accepted the plea and set a hearing date for sentencing.

In the pre-sentence investigation, Sallee told the probation officer preparing the pre-sentence investigation report ("PSIR") that he was alone during the burglary of the church, but used the plural "we" when discussing the crime. When confronted with this apparent contradiction, Sallee stated that "this is his crime and he does not plan to be a

2

'snitch'." PSIR p. 5. When the probation officer reminded Sallee of the terms of his plea agreement, Sallee claimed not to recall any provision requiring him to testify against his co-defendants. When the probation officer asked Sallee about the burglary of the dwelling, he admitted to being in the adjoining apartment and the attic, but claimed he was too big to fit through the hole in the attic that led to the other apartment. He also claimed that neither he nor anyone else went into the apartment and that "the evidence the police are claiming they have is false, or at least not from the defendant or accomplices." Id.

At the March 20, 2013 sentencing hearing, the trial court noted Sallee's apparent unwillingness to testify against his co-defendants and asked Sallee's counsel if Sallee was "going to take that opportunity in this plea?" Tr. p. 32. Sallee's counsel responded:

> That is correct. I discussed that with Mr. Sallee and confirmed with him again this morning. He doesn't want to take that step which would call for it to be served concurrently by agreement. He does intend on testifying truthfully if subpoenaed to testify, he's not going to perjure himself, but he does not want to take the affirmative step to do that voluntarily.

Id.

The trial court then asked if Sallee had been deposed, and the State told the court that Sallee had not yet been deposed. The following colloquy then occurred:

> COURT: Mr. Sallee, I want to make sure you understand [that] the terms of your plea agreement indicate that if you testify against two co-defendants, Travis Dollarhite and Brittany Gutierrez—
>
> [STATE]: Brittany Gutierrez has already testified, plead guilty and testified of the incident, so—
>
> COURT: That may be, but the terms of the plea agreement, Mr. Sallee, are that if you agree to testify against the co-defendants in both cases, any deposition, hearing or trial, the Court under

3

the terms of the plea agreement theses [sic] or correct sentences in these two cases are to be served concurrently. In reading your presentence investigation report you indicated . . . that you did not want to be a snitch and do not want to testify against anyone. You can't have it both ways. If you want me to sentence you concurrently then you have to comply with the terms of the plea agreement[.] [I]f you don't then it's going to be left to the discretion of the Court, do you understand that sir?

[SALLEE]: Yes.

COURT: So are you going to acknowledge then sir that the co-defendants, Travis Dollarhite and Brittany Gutierrez that you will cooperate in the, that you, that they were a part of this crime, this burglary you committed?

[SALLEE]: I know about them going into the apartment at all [sic].

Tr. pp. 32-33. The trial court then proceeded to sentence Sallee to consecutive terms of ten years on each count. Sallee now appeals.

**Discussion and Decision**

It is well settled that a plea agreement is contractual in nature and binds the defendant, the State, and the trial court. Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004) (citing Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994)). "The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: 'If the court accepts a plea agreement, it shall be bound by its terms.'" Pannarale, 638 N.E.2d at 1248 (Ind. 1994) (quoting Ind. Code § 35-35-3-3(e)); accord Lee, 816 N.E.2d at 38.

In the present case, Sallee does not claim that his plea agreement is invalid; he instead claims that the trial court failed to sentence him within the terms of the plea agreement. That is, he claims that he did not actually state that he would not testify

4

against his co-defendants and that the trial court was therefore bound to sentence him to concurrent sentences. We disagree.

In the PSIR, Sallee clearly indicated that he did not want to testify against his co-defendants because he did not want to be a "snitch." He also claimed that he was the only one involved in the burglaries and that the evidence the police had was "false." He even denied knowledge of the provision of the plea agreement whereby he would receive concurrent sentences. The trial court read this report and asked Sallee's counsel directly if Sallee was going to take advantage of the opportunity to have his sentences to be served concurrently. In no uncertain terms, Sallee's counsel stated, "That is correct. I discussed that with Mr. Sallee and confirmed with him again this morning. *He doesn't want to take that step which would call for it to be served concurrently by agreement.*" Tr. p. 32 (emphasis added).

Sallee focuses on the next portion of his counsel's statement: that Sallee would testify truthfully if subpoenaed. However, this does not necessarily mean that Sallee would testify against his co-defendants. Indeed, he had already indicated in the PSIR that the evidence the police had against his co-defendants was "false."

Moreover, the plea agreement stated that Sallee would receive concurrent sentences "if [he] *agrees* to testify against co-defendants." Appellant's App. p. 46 (emphasis added). Clearly, Sallee was not willing to testify voluntarily against his co-defendants. If the State was forced to subpoena Sallee in order to get him to testify, then the trial court could rightly conclude that Sallee did not *agree* to testify against his co-defendants. Sallee's statement to the trial court that "I know about them going into the

apartment at all," is at best ambiguous.[1] Tr. p. 32. At the very least it does not clearly show that he had changed his mind and agreed to testify against his co-defendants.

Under these facts and circumstances, we cannot say that the trial court erred in concluding that Sallee had not "agreed" to testify against his co-defendants. Accordingly, the trial court did not err by sentencing Sallee to consecutive, as opposed to concurrent, terms of incarceration.

Affirmed.

BRADFORD, J., and PYLE, J., concur.

---

[1] In fact, this sentence makes little sense as transcribed; it is much more idiomatic if Sallee had actually said, "I *don't* know about them going into the apartment at all," which is consistent with his statements in the PSIR. Regardless, even as transcribed, it does not show that Sallee was willing to testify against his co-defendants.