**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 27 2014, 9:14 am

**CLERK**

of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones LLP
LaPorte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAQUIN DIAZ-DELREAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1404-CR-130 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas J. Alevizos, Judge
Cause No. 46C01-1302-FD-729

**October 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Juaquin Diaz-Delreal appeals after pleading guilty to one count of criminal recklessness,[1] contending that the trial court's judgment of conviction does not conform to the terms of the plea agreement and that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm in part, and reverse in part and remand.

On February 10, 2013, Diaz-Delreal and Christian Osornio exchanged text messages agreeing to fight in a K-Mart parking lot. Diaz-Delreal drove his pickup to the meeting place, and his brother, Rigoberto, and his friend, Adrian Martinez, accompanied him there. When the three reached the location previously agreed upon, they saw Osornio along with several other people awaiting Diaz-Delreal's arrival. Rigoberto exited Diaz-Delreal's truck and began fighting. Diaz-Delreal circled around in his truck and called for Rigoberto to get inside. When his brother was back inside the truck, Diaz-Delreal accelerated away from the group, striking Osornio with his truck in the process. Osornio suffered a skull fracture, which required him to be hospitalized for a week. After his recovery, Osornio's doctor expressed his surprise that Osornio survived his injuries because he was certain the injuries were fatal.

The State charged Diaz-Delreal with criminal recklessness as a Class D felony and failure to stop at the scene of an accident resulting in serious bodily injury as a Class D felony. Diaz-Delreal and the State entered into a plea agreement, which provided in pertinent part as follows:

8. Notwithstanding the above, I have, with the assistance of Counsel,

---

[1] Ind. Code §35-42-2-2 (2006).

entered into an agreement with the State of Indiana as follows:

A. I will plead guilty to Criminal Recklessness, Class D Felony;

B. Judgment of conviction will enter as a Class A Misdemeanor;

C. Sentencing will be argued by the parties;

D. At sentencing, any other charges in this cause will be dismissed.

Appellant's App. at 68. The trial court took the tendered plea agreement under advisement, ordered the preparation of a pre-sentence investigation report, and set the matter for sentencing.

The trial court accepted the plea and entered a sentencing order, which reads in pertinent part as follows:

The court now enters a judgment of conviction against the Defendant, Juaquin Diaz-Delreal, to Criminal Recklessness, a Class D Felony.

The Defendant, Juaquin Diaz-Delreal, who is a male person, 23 years of age, is guilty of Criminal Recklessness, a Class D Felony, and shall be sentenced as an A Misdemeanor.

**IT IS ORDERED, ADJUDGED AND DECREED** by the Court that the Defendant, Juaquin Diaz-Delreal, shall be committed to the custody of the LaPorte County Jail for a period of one (1) year.

Id. at 71 (emphasis in original). Diaz-Delreal now appeals. Additional facts will be supplied as needed.

Diaz-Delreal argues that the trial court's sentencing order violates the terms of the plea agreement because the judgment of conviction was entered as a Class D felony, when the plea agreement explicitly stated that the judgment of conviction would be entered as a Class A misdemeanor. The State contends that we should affirm the trial court since the sentencing order provided that Diaz-Delreal would be sentenced for a Class A

3

misdemeanor and the sentence imposed was within the statutory range for a Class A misdemeanor. We disagree with the State's position.

Although the sentencing order reflects that Diaz-Delreal shall be sentenced "as an A misdemeanor," judgment of conviction was entered as a Class D felony. The plea agreement, which was accepted by the trial court, provided that judgment of conviction would be entered as a Class A misdemeanor. "Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State." Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004). "[A] plea agreement is contractual in nature, binding the defendant, the state and the trial court." Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994) (citing State ex rel. Goldsmith v. Superior Court, 419 N.E.2d 109, 114 (Ind. 1981)). "If the court accepts a plea agreement, it shall be bound by its terms." Ind. Code §35-35-3-3(e) (1987).

Here, the plea agreement provided that the judgment of conviction would be entered as a Class A misdemeanor. This is not a situation involving alternative misdemeanor sentencing under Indiana Code section 35-50-2-7(b) (2013), nor does this situation implicate Indiana Code section 35-38-1-1.5(a) (2013) (Class D felony conviction later converted to Class A misdemeanor after conditions are met). The record reflects that upon hearing the factual basis for the plea, the trial court specifically questioned the State about the agreement to plead to a Class A misdemeanor, when the factual basis appeared to support a Class D felony conviction. Trial counsel did state at the sentencing hearing that "I'm asking you to accept the plea. It simply called for treatment as a misdemeanor and then argued sentence." Tr. at 21. However, the plea bargain speaks for itself. Further, the

4

portion of the plea agreement stating that Diaz-Delreal would plead guilty to Criminal Recklessness as a Class D felony could reasonably be interpreted to mean that of the two charges, criminal recklessness was the one to which a plea agreement had been reached. Consequently, we remand this matter to the trial court to vacate the Class D felony conviction and to enter a judgment of conviction as a Class A misdemeanor consistent with the terms of the plea agreement.

Next, Diaz-Delreal contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Because Diaz-Delreal's sentence falls within the sentencing range for a Class A misdemeanor, we consider his argument despite the error in the judgment of conviction. The sentencing range for a Class A misdemeanor is a fixed term of not more than one year. Ind. Code § 35-50-3-2 (1977). Although the trial court may have acted within its lawful discretion in imposing Diaz-Delreal's sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007) (quoting Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits for a broader consideration of the defendant's character. Douglas v. State, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing both prongs of the inquiry

5

favor revision of his sentence.  Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

As for Diaz-Delreal's character, his criminal history is not the worst.  He had a prior juvenile adjudication for battery.  However, the facts show that he intended to engage in a fight with Osornio, which would have constituted another battery.  Examining the nature of the offense, we observe that Osornio nearly died as a result of Diaz-Delreal's reckless behavior.  Osornio spent a week in the hospital after having his skull and orbital bone fractured after being struck by the truck.  Osornio described the physical impact of his injuries as follows:  "[the injury] wasn't just a simple scratch and put a Band Aid on it.  I went through months and months after months of pain and suffering literally to get where I'm at."  Tr. at 25.  The extent of Osornio's injuries were such that a metal plate was installed to stabilize his jaw and he has no sensation in the jaw area.  Diaz-Delreal has not met his burden of establishing that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

In light of the foregoing, we affirm the trial court's sentencing decision, but reverse and remand to the trial court to vacate the judgment of conviction as a Class D felony and to enter a judgment of conviction as a Class A misdemeanor.

Affirmed in part, reversed in part and remanded.

MAY, J., and BROWN, J., concur.