## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 07 2015, 8:41 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT *PRO SE*** | **ATTORNEYS FOR APPELLEE** |
| Herbert Cox III<br>Westville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herbert Cox III,<br>*Appellant-Defendant,*<br><br>v.<br><br>The State of Indiana,<br>*Appellee-Plaintiff.* | July 7, 2015<br><br>Court of Appeals Case No.<br>45A03-1501-CR-38<br><br>Appeal from the Lake Superior Court<br>The Honorable Diane R. Boswell, Judge<br>The Honorable Kathleen A. Sullivan, Magistrate<br>Trial Court Cause No. 45G03-1210-FD-239 |

**Bradford, Judge.**

# Case Summary

In February of 2013, Appellant-Defendant Herbert Cox III pled guilty to Class C felony habitual traffic violator. Pursuant to the terms of Cox's plea agreement, the trial court sentenced Cox to a term of seven years, all of which was to be executed in the Department of Correction. In December of 2014, Cox filed a petition seeking a modification of his sentence. The trial court denied Cox's petition. On appeal, Cox contends that the trial court abused its discretion in denying his petition. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

On or about May 3, 1995, Cox's driving privileges were suspended for life after Cox was found to have driven while being a habitual traffic violator. On October 6, 2012, Cox was stopped by the Lake Station Police Department for operating a motor vehicle, i.e., a black Harley Davidson motorcycle, at the speed of approximately 100 miles per hour in a posted thirty-five miles per hour zone. Cox was subsequently charged with Class C felony habitual traffic violator. He was also alleged to have committed numerous traffic infractions.

On or about February 19, 2013, Cox pled guilty to the Class C felony habitual traffic violator charge. The terms of Cox's plea agreement are as follows:

> A.    [Cox] agrees to plead guilty to the charge of Habitual Traffic Violator, a Class C Felony, in Cause #45G03-1210-FD-00239;
>
> B.    The Parties agree that [Cox] *shall* be sentenced to seven (7) years to be executed in the Department of Correction.
>
> C.    The Parties agree and understand that participation in an alternative sentence program is **not an option** for [Cox], for his plea of

guilty to the charge of Habitual Traffic Violator, a Class C Felony, in Cause #45G03-1210-FD-00239;

D.      The Parties agree and understand that the sentence imposed in Cause #45G03-1210-FD-00239 shall be served consecutive to **any/all** sentences(s) **currently imposed** in Lake County and Porter County;

E.      The Parties agree and understand that the sentence imposed in Cause #45G03-1210-FD-00239 shall be served consecutive to **any/all** sentence(s) **to be imposed** in Lake County and Porter County;

F.      Additionally, **any** Defendant on Pretrial ICU Monitoring will **not** receive credit days toward their sentence[;]

G.      At the time of sentencing, [Appellee-Plaintiff the State of Indiana (the "State")] agrees to dismiss Cause #45G03-1206-FD-00136 in its entirety; [and]

F.      Attached hereto and incorporated herein as Exhibit 'A' is the Stipulated Factual Basis.

Appellant's App. p. 7 (italics added, bold in original).  The trial court approved the parties' plea agreement and sentenced Cox in accordance with its terms.

[4]     On December 4, 2014, Cox filed a *pro-se* petition for the modification of his sentence.  The trial court denied Cox's petition, stating that "The Court rules that pursuant to **Robinette v. State[,] 798 N.E.2d 537 (Ind. App. 2003) and ex rel Goldsmith v. Superior Court, 419 N.E.2d 109 (Ind. 1981)**, the Court is without authority to, and may not, modify the sentence."  Appellant's App. p. 4 (bold in original).  Cox subsequently filed a *pro-se* motion to reconsider.  The motion to consider was also denied by the trial court.  This appeal follows.

# Discussion and Decision[1]

[5]    Cox contends that the trial court abused its discretion by denying his petition for a modification of his seven-year sentence. Specifically, Cox claims that the trial court abused its discretion in determining that it did not have the authority to modify Cox's sentence. "We review a trial court's decision to modify a sentence only for abuse of discretion." *Hobbs v. State*, 26 N.E.3d 983, 985 (Ind. Ct. App. 2015) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010)). "An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id*. (citing *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999)).

[6]    Again, Cox claims that the trial court abused its discretion in stating that it did not have the authority to modify Cox's sentence. In support of this claim, Cox relies on sub-section (i) of the version of Indiana Code section 35-38-1-17 which went into effect on July 1, 2014. Cox asserts that it was the General Assembly's intent that this subsection would apply retroactively to a defendant who committed a criminal act, was found guilty, and was sentenced prior to the date when the amended version of Indiana Code section 35-38-1-17 went into effect. We disagree.

---

[1] We note that the State argued, on cross-appeal, that Cox's appeal should be dismissed because it was not timely filed. Given our preference to decide matters on the merits, we will not address the State's argument regarding whether the instant appeal was timely filed and will instead decide Cox's claim on the merits.

[7] Indiana Code section 35-38-1-17 relates to the reduction or suspension of a sentence. Effective July 1, 2014, the Indiana General Assembly amended Indiana Code section 35-38-1-17 to read, in pertinent part,

> (i) A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

2014 Ind. Legis. Serv. P.L. 168-2014. In light of this language, which again Cox argues was intended to apply retroactively, Cox claims that the trial court abused its discretion in finding that it did not have the authority to modify his sentence because Cox's plea agreement was for a fixed term and indicated that Cox had waived any potential future request for a sentence modification.

[8] However, the General Assembly made it clear that it did not intend for the version of Indiana Code section 35-38-1-17 that went into effect on July 1, 2014, to apply retroactively. Also effective July 1, 2014, the General Assembly passed Indiana Code section 1-1-5.5-21 which stated as follows:

> (a) A SECTION of P.L. … P.L.168-2014 does not affect:
>> (1) penalties incurred;
>> (2) crimes committed; or
>> (3) proceedings begun;
> before the effective date of that SECTION of … P.L.168-2014. Those penalties, crimes, and proceedings continue and shall be imposed and

enforced under prior law as if that SECTION of … P.L.168-2014 had not been enacted.

(b) The general assembly does not intend the doctrine of amelioration (see *Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of … P.L.168-2014.

[9]     In addition, we have previously concluded that the revisions of Indiana Code section 35-38-1-17 that went into effect on July 1, 2014, do not apply retroactively.  See *Swallows v. State*, 31 N.E.3d 544, 545-47 (Ind. Ct. App. 2015) (noting the plain meaning of the savings clause, and following the intent of the Legislature and our court's reasoning in Hobbs, we conclude that the current version of Indiana Code section 35-38-1-17, which became effective July 1, 2014, does not apply to Swallows's petition to modify a sentence that he began serving in 1989); *Hobbs*, 26 N.E.3d at 985 (concluding that "despite Hobbs'[s] assertions to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply to him"); *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) (concluding that "[i]t is abundantly clear from these statutes that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code"), *trans. denied*.  As such, we conclude that the version of Indiana Code section 35-38-1-17 that was in effect at the time Cox committed the underlying offense applies to Cox.

[10]    Again, Cox committed the underlying offense of Class C felony habitual traffic violator on October 6, 2012.  The version of Indiana Code section 35-38-1-17

that was in effect at the time Cox committed this criminal offense read as follows:

> (a) Within three hundred sixty-five (365) days after:
>> (1) a convicted person begins serving the person's sentence;
>>
>> (2) a hearing is held:
>>> (A) at which the convicted person is present; and
>>>
>>> (B) of which the prosecuting attorney has been notified; and
>>
>> (3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>>
>> the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.
>
> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6.
>
> (c) The court must give notice of the order to reduce or suspend the sentence under this section to the victim (as defined in IC 35-31.5-2-348) of the crime for which the convicted person is serving the sentence.
>
> (d) The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35-50-2-2.
>
> (e) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

(f) Notwithstanding subsections (a) and (b), the court is not required to conduct a hearing before reducing or suspending a sentence if:

> (1) the prosecuting attorney has filed with the court an agreement of the reduction or suspension of the sentence; and

> (2) the convicted person has filed with the court a waiver of the right to be present when the order to reduce or suspend the sentence is considered.

In addition, we have previously concluded that where the trial court accepted a plea agreement that contained a term of years and sentenced the defendant accordingly, the trial court does not have the authority to subsequently modify the defendant's sentence. *Robinett v. State*, 798 N.E.2d 537, 539-40 (Ind. Ct. App. 2003). We explained the reasons for reaching this conclusion in detail in *Robinett*, stating:

> Nor did the trial court abuse its discretion by denying Robinett's motion for modification of sentence. Robinett's plea agreement provided he would receive a thirty-year sentence, and pursuant to his guilty plea, the trial court sentenced Robinett to thirty years. Our supreme court has explained why trial courts may not modify sentences in these circumstances:
>
> > Plea agreements between criminal defendants and prosecutors are designed to induce the defendant to plead guilty, typically in return for a promise of less than the maximum sentence. As we observed in [*State ex rel. Goldsmith v. Superior Court*, 275 Ind. 545, 419 N.E.2d 109 (1981)], a plea agreement is contractual in nature, binding the defendant, the state and the trial court. *See also Thompson [v. State]*, 617 N.E.2d [576,] 578 [Ind. Ct. App. (1993)]. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: "If the court

accepts a plea agreement, it shall be bound by its terms." Ind. Code Ann. § 35-35-3-3(e) (West Supp. 1993).

As the statute suggests, the trial court may at its discretion reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing. Even after a sentence has been imposed pursuant to a plea agreement containing a recommendation of a specific term of years, that sentence may not be altered upon subsequent motion, such as under Ind. Code § 35-38-1-23 for "shock probation," unless the agreement contained a specific reservation of such authority for the trial judge. *Goldsmith*, 275 Ind. at 551-52, 419 N.E.2d at 114.

*Goldsmith* and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). Because the court sentenced Robinett to the number of years provided in his plea agreement, the court had no authority to reduce that sentence. *See id*.

*Id*. As such, we concluded that "[b]ecause the trial court had no authority to modify Robinett's sentence, the trial court did not abuse its discretion when it denied his motion." *Id*. at 540.

[12] Considering the language contained in the version of Indiana Code section 35-38-1-17 that was in effect at the time Cox committed the underlying criminal offense together with our prior conclusion in *Robinett*, we conclude that the trial court did not abuse its discretion in determining that it did not have the

authority to modify Cox's previously agreed upon seven-year executed sentence. Accordingly, we affirm the judgment of the trial court.

[13] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.