## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/15/2017, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David L. Newson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 15, 2017

Court of Appeals Case No.
49A05-1705-PC-1090

Appeal from the Marion Superior Court

The Honorable Amy J. Barbar, Magistrate

Trial Court Cause No.
49G02-9604-PC-48010

**Barnes, Judge.**

# Case Summary

David L. Newson appeals the trial court's denial of his motion for modification of his seventy-three-year sentence for murder and class C felony carrying a handgun without a license.[1]  We affirm.

# Issue

The sole issue is whether the trial court properly found that Newson was a "violent criminal" and, therefore, not entitled to file a motion to modify his sentence more than 365 days after his sentencing hearing, without first obtaining the consent of the prosecuting attorney.

# Facts

On December 3, 1997, a jury found Newson guilty of murder and class C felony carrying a handgun without a license.  On January 8, 1998, the trial court imposed maximum consecutive sentences of sixty-five years and eight years, respectively, for an aggregate sentence of seventy-three years.  Our supreme court affirmed Newson's convictions. *Newson v. State*, 721 N.E.2d 237, 239 (Ind. 1999).

On September 2, 2016, Newson filed a motion to modify his sentences requesting that his eight-year sentence be served concurrently with his sixty-

---

[1] On June 12, 2017, Newson filed a Verified Motion to Incorporate by Reference and Take Judicial Notice of Record from Prior Related Appeal ("Motion").  On June 15, 2017, this Court ordered Newson's Motion held in abeyance to be addressed by the writing panel designated to adjudicate this appeal.  Because we determine another issue to be dispositive in this appeal, we deny Newson's Motion.

five-year sentence. The State objected, and the trial court denied the motion for modification of sentence. Newson now appeals.

## Analysis

[5] Newson argues that the trial court erred in refusing to modify his sentence. We review a trial court's decision on a motion for sentence modification for abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014).

[6] Indiana Code Section 35-38-1-17, which governs the reduction and suspension of sentences, was amended in 2015 to provide that it applies to defendants who committed their offenses or were sentenced before July 1, 2014. *See Woodford v. State,* 58 N.E.3d 282, 285 (Ind. Ct. App. 2016) (discussing history of Ind. Code § 35-38-1-17).

[7] Indiana Code Section 35-38-1-17(d)(1) defines a "violent criminal" as a person convicted of any of the enumerated offenses, including murder. Section 35-38-1-17(k) provides that, "not later than three hundred sixty-five (365) days from the date of sentencing," a violent criminal may file one motion for sentence modification without the consent of the prosecuting attorney. After 365 days, a violent criminal is ineligible to move for sentence modification without the prosecuting attorney's consent. I.C. § 35-38-1-17(k).

[8] Newson is a "violent criminal" because he was convicted of murder. *See* I.C. § 35-38-1-17(d)(1). As a violent criminal, he was not entitled to file a petition for sentence modification more than 365 days after his sentencing hearing without the consent of the prosecuting attorney. Newson was sentenced in January of 1998. He did not file his motion for a sentence modification until September 2, 2016, far more than 365 days after he was sentenced. Pursuant to Indiana Code Section 35-38-1-17(k), the trial court could only grant Newson's request for a modification of his sentence if Newson first obtained the consent of the prosecuting attorney. Given the prosecuting attorney's objection, the trial court could not have granted Newson's requested relief.

[9] Newson contends that a statutory ambiguity exists under the instant facts, which ambiguity must be construed in his favor to avoid an absurd result. Specifically, he argues that, because carrying a handgun without a license is not an enumerated offense within Indiana Code Section 35-38-1-17(d), he is not a "violent criminal" regarding that specific conviction. He argues that the trial court could, therefore, have granted his requested relief because he was not required to obtain the prosecutor's consent to modification of his eight-year sentence. We disagree.

[10] We review matters of statutory interpretation de novo because they present pure questions of law. *Gardiner,* 928 N.E.2d at 196. In interpreting statutes, we take words and phrases in their plain and usual meaning. I.C. § 1-1-4-1(1).

Indiana Code Section 35-38-1-17 unambiguously carves out an exception to the general rule allowing for modification of sentences where a person is a "violent criminal" and provides no temporal or other limitation that evinces a legislative intention to qualify or parse the meaning of "violent criminal" under the instant circumstances. As the State correctly explains in its brief, "The statute defines the type [of] offender who may seek modification, not the specific crimes or portions of sentences that may be modified." Appellee's Br. p. 8. Newson is no less a "violent criminal" for purposes of Indiana Code Section 35-38-1-17(d) because he was convicted of both murder and carrying a handgun without a license. The trial court did not err in refusing to modify his sentence.

## Conclusion

The trial court did not abuse its discretion in denying Newson's motion for modification of sentence. We affirm.

Affirmed.

May, J., and Bradford, J., concur.