# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2018, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald Weaver
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Weaver,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 18, 2018

Court of Appeals Case No.
20A04-1707-CR-1580

Appeal from the Elkhart Superior Court

The Honorable Teresa Cataldo, Judge

Trial Court Cause No.
20D03-0906-FA-32

**Robb, Judge.**

# Case Summary and Issue

[1] In 2012, Ronald Weaver pleaded guilty to dealing in methamphetamine, a Class A felony, and was sentenced to thirty years in the Indiana Department of Correction ("DOC") to be followed by ten years of probation. In 2017, Weaver filed a motion to reduce or suspend his sentence or to be placed in community corrections or the Purposeful Incarceration Program. Weaver now appeals the denial of his motion, raising two issues which we consolidate and restate as whether the trial court erred in denying his motion to modify his sentence. Concluding the trial court did not err in denying Weaver's motion, we affirm.

# Facts and Procedural History

[2] Weaver was charged in June 2009 with dealing in methamphetamine, a Class A felony. In April 2012, Weaver pleaded guilty as charged pursuant to an agreement with the State that the executed portion of his sentence would not exceed thirty years and that the parties were free to argue placement. In June 2012, the trial court sentenced Weaver to forty years with ten years suspended to probation.

[3] On May 19, 2017, Weaver, acting pro se, filed a Motion for Modification of Sentence and/or Allowing Participation in the Purposeful Incarceration Project. Weaver alleged therein that while imprisoned, he had treated his addiction, honed his life skills, modeled lawful behavior, and developed a structured plan for life after his release. He also alleged that under the 2014

criminal code revision, he would have been charged with a lesser felony which would have carried a lesser sentencing range. He asked to have his sentence modified to community corrections placement or to be placed in a therapeutic community through the Purposeful Incarceration Program. The trial court ordered the Miami Correctional Facility where Weaver was incarcerated to prepare and file a progress report. After receiving the report and without holding a hearing, the trial court denied Weaver's motion on June 20, 2017,[1] finding:

> [Weaver] would not be a viable candidate for the Purposeful Incarceration Program due to the fact that his outdate is 2025. Court further finds that due to the fact that [Weaver] has suffered a conduct violation while incarcerated, he is not an appropriate candidate for modification at this time.

[Appellant's] Amended Appendix, Volume 3 at 32. Weaver now appeals.

# Discussion and Decision

## Sentence Modification

[4] Indiana Code section 35-38-1-17 applies to a person who committed an offense and was sentenced prior to July 1, 2014. Ind. Code § 35-38-1-17(a). Because

---

[1] Twice, the State misstated this date as June 20, 2016. *See* Brief of Appellee at 4, 6. Attention to detail is an important aspect of drafting briefs and aids in our review of cases.

Weaver committed his crime in June 2009 and was sentenced in June 2012, section 35-38-1-17 applies to him.[2] Section 35-38-1-17 further provides,

> (e) At any time after:
> (1) a convicted person begins serving the person's sentence; and
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.
> * * *
> (h) The court may deny a request to suspend or reduce a sentence under this section without making written findings and conclusions.

Ind. Code § 35-38-1-17(e), (h). We review a trial court's decision on a motion to modify a sentence for an abuse of discretion. *Newson v. State*, 86 N.E.3d 173, 174 (Ind. Ct. App. 2017), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or it misinterprets the law. *Id.*

[5] To the extent Weaver argues that provisions of the revised criminal code should play any part in the consideration of whether his sentence should be modified, he is mistaken. *See* Ind. Code § 1-1-5.5-21 (stating the 2014 criminal code revision does not apply to any penalties incurred, crimes committed, or proceedings begun before its effective date and the doctrine of amelioration

---

[2] "If after sentencing, a defendant requests to modify his placement and be allowed to serve his sentence in a community corrections program, this is a request for a modification of sentenced under Ind. Code § 35-38-1-17." *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001).

specifically does not apply). "The time of a crime is selected as an act of free will by the offender, and, thus, it is the criminal, not the State, that chooses which statute applies to his or her offense." *Whittaker v. State*, 33 N.E.3d 1063, 1067 (Ind. Ct. App. 2015) (alterations omitted).[3] Weaver committed his crime in 2009 and the provisions of the revised criminal code therefore have no effect on his proceeding.

[6] With respect to Weaver's request to modify his placement from DOC to community corrections, Weaver focuses on his "exemplary rehabilitative efforts" while incarcerated and asserts he is therefore "entitled" to the relief he seeks. Brief of Petitioner-Appellant at 12. We commend Weaver for using his time while incarcerated to better himself; however, sentence modification is within the discretion of the trial court and no petitioner is *entitled* to modification. *See Marshall v. State*, 563 N.E.2d 1341, 1343-44 (Ind. Ct. App. 1990) ("[T]he mere fact that the process of rehabilitation, the purpose of incarceration, may have started, does not compel a reduction or other modification in . . . sentence."), *trans. denied*. Here, as Weaver himself acknowledges, the trial court's reason for denying his motion to modify—that he had a conduct report on his record—is true. *See* Br. of Petitioner-Appellant at 11. Although Weaver has but one conduct report for a DOC rules violation

---

[3] In his reply brief, Weaver invokes the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution, as well as Indiana Appellate Rule 7(B). Because Weaver made no argument under these laws in his opening brief, any argument pertaining to those laws is waived. *Perryman v. State*, 80 N.E.3d 234, 246 n.3 (Ind. Ct. App. 2017).

since his sentencing five years ago, he nevertheless committed a rules violation and the trial court did not abuse its discretion in citing that history as a basis for denying Weaver's request to modify his placement.

[7] With respect to Weaver's request to participate in the Purposeful Incarceration Program, the trial court determined he was not a viable candidate for that program at this time. Purposeful Incarceration is a "sentencing order that judges can use in situations where the judge is committed to modifying a sentence upon the offender's successful completion of [a DOC] Addiction Recovery Treatment Program." *Purposeful Incarceration FAQ,* https://www.in.gov/idoc/files/PI%20FAQ%20Updated%2012.15.pdf (last visited June 7, 2018). When sentencing a chemically addicted offender, if a court documents that it will consider a sentence modification should the offender successfully complete a DOC therapeutic community, the program then assesses the offender and only admits persons who meet the substance abuse admission criteria. *Id.*[4]

[8] It is clear from the trial court's order that it is not presently willing to consider a sentence modification given the length of time Weaver still has to serve. Moreover, the court can only make a recommendation that an offender be admitted to the program. "If it is determined during the offender's assessment . . . that the offender does not need substance abuse treatment or is

---

[4] Therapeutic communities "provide intensive substance abuse treatment . . . [and] hold the offenders highly accountable." *Purposeful Incarceration*, https://www.in.gov/idoc/2798.htm (last visited June 7, 2018).

inappropriate for treatment, the offender will be denied admission." *Purposeful Incarceration FAQ,* https://www.in.gov/idoc/files/PI%20FAQ%20Updated%2012.15.pdf (last visited June 7, 2018). Weaver has been imprisoned for over five years at this point, and he alleges that the education he has received while incarcerated "led to acceptance of responsibility for his actions, and provided *successful treatment* for his addiction as it has altered his way of thinking . . . ." [Appellant's] Amended App., Volume 3 at 4 (emphasis added). Based on this assertion, Weaver does not make a compelling case that he would meet the criteria to participate in the program even if the trial court was willing to recommend it.

[9] Any leniency in sentencing is a matter of grace, not a matter of right. *See Knecht v. State*, 85 N.E.3d 829, 839 (Ind. Ct. App. 2017) (discussing probation); *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016) (discussing community corrections). The trial court was not required to recommend Weaver to the Purposeful Incarceration Program and did not abuse its discretion in declining to do so.

# Conclusion

[10] The trial court did not abuse its discretion in denying Weaver's motion to modify his sentence or to recommend placement in the Purposeful Incarceration Program. Accordingly, the judgment of the trial court is affirmed.

[11] Affirmed.

Najam, J., and Altice, J., concur.