## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Loren J. Comstock
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Respondent,*<br><br>v.<br><br>Robert Lee Engram,<br>*Appellee-Petitioner.* | June 4, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2865<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman, Jr., Judge<br><br>Trial Court Cause No.<br>48D03-0005-CF-128 |

**Bradford, Judge.**

# Case Summary

[1] In May of 2000, Robert Lee Engram conspired with Edward Partlow to kill one person and aided, induced, or caused Partlow to murder another person. Engram was convicted of conspiracy to commit murder and murder as an accomplice. On April 3, 2001, he was sentenced for these convictions to an aggregate term of eighty-five years. His convictions and sentence were subsequently affirmed. On August 2, 2018, Engram filed a petition for a sentence modification. The State objected to the requested modification. Despite the State's objection, on September 5, 2018, the trial court granted the petition, modified Engram's release date to January 14, 2019, and placed Engram in a community transition program. The State appealed, arguing that the trial court erred in granting Engram's petition because Indiana Code section 35-38-1-17(k) required the State's consent to any modification of Engram's sentence. We agree with the State. As such, we reverse the judgment of the trial court and remand with instructions for the trial court to enter an order denying Engram's request for a sentence modification and reinstating Engram's original sentence.

# Facts and Procedural History

[2] The facts relating to Engram's convictions are as follows:

> Devito Wilson ("Wilson") and the victim, Michelle Jones
> ("Jones"), had a child together, but had stopped dating by May 6,
> 2000, the night Engram and [Partlow] went searching for
> Wilson. Engram and Wilson were enemies, and Engram had

previously threatened to "blow [Wilson] off the map." Engram and Partlow found Wilson, with Jones, at the Ramada Inn bar in Anderson and attempted to persuade him to come outside. When Wilson refused to come outside, Partlow and Engram left. After they drove away in Engram's car, Engram said to Partlow, "Devito has to die tonight." The two drove to the Autumn Ridge Apartments, where Engram retrieved a rifle from the apartment of the mother of his children. Engram and Partlow then drove to a friend's house, where Partlow sawed off the barrel of the rifle under Engram's direction.

After putting the rifle into the trunk of the car, Engram and Partlow drove to the Oaks Apartments, where Jones lived, hoping to find Wilson. They entered the apartment; Partlow sat beside Jones on the couch, and Engram sat in a chair across the room. After an argument between Jones and Engram, Engram said to Partlow, "Why don't you show her somethin', Dog?" Partlow raised the gun to Jones' head and looked at Engram. Engram gave Partlow a look that Partlow interpreted as "go ahead," and Partlow shot Jones, killing her.

Engram and Partlow returned to the house they shared with Monique Jones ("Monique"), and Partlow confessed to Monique that he had "just bl[own] Michelle's brains out."

*Engram v. State*, 48A02-0106-CR-387, at *2–3 (Ind. Ct. App. December 13, 2001) ("*Engram I*"). The State charged Engram with conspiracy to commit murder; aiding, inducing, or causing murder ("murder");[1] and assisting a criminal. *Id.* at *3. Following a bench trial, Engram was found guilty as

---

[1] Indiana Code section 35-41-2-4 provides that "[a] person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." While the evidence establishes that Partlow shot Jones, Engram was convicted of murder on a theory of accomplice liability.

charged. *Id.* On April 3, 2001, the trial court sentenced Engram to an aggregate eighty-nine-year sentence.

## A. Direct Appeal

On appeal, Engram challenged the sufficiency of the evidence to sustain his convictions for conspiracy to commit murder and murder. Concluding that the evidence was sufficient to sustain the challenged convictions, we affirmed on appeal. *Id.* at * 4–6.

## B. Request for Post-Conviction Relief

Engram subsequently sought post-conviction relief. *Engram v. State*, 48A02-0510-PC-1021, at *3 (Ind. Ct. App. April 21, 2006 ("*Engram II*"). On September 2, 2005, the post-conviction court issued an order vacating Engram's conviction and sentence for assisting a criminal. *Id.* The post-conviction court otherwise denied Engram's petition, leaving his convictions and aggregate eighty-five-year sentence for conspiracy to commit murder and murder in place. *Id.* On appeal, Engram alleged that "his appellate counsel was ineffective for failing to challenge the order for consecutive sentences because no valid aggravator supported it." *Id.* at *6. We disagreed, concluding that

> [I]t is clear that the court imposed consecutive sentences because there were separate crimes against multiple victims. The identified aggravator has evidentiary support…. "It is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhanced sentences." O'Connell v. State, 742 N.E.2d 943, 952 (Ind. 2001).

> Accordingly, the order for consecutive sentences would not have been reversed on appeal if counsel had raised the issue.… As such, the post-conviction court properly denied Engram post-conviction relief upon his claim of ineffectiveness of appellate counsel.

*Id.* at * 6–7 (underlining in original).

## C. Motion to Modify Sentence

On August 2, 2018, Engram filed a petition for a sentence modification. Soon thereafter, the Department of Correction ("DOC") filed a report with the trial court indicating that Engram had satisfied his sentence on the conspiracy conviction on June 1, 2013, Engram was currently serving the sentence relating to his murder conviction, and his projected release date was December 1, 2040. During a hearing on Engram's petition, the State objected to the requested modification. Despite the State's objection, on September 5, 2018, the trial court granted the petition, modified Engram's release date to January 14, 2019, and placed Engram in a community transition program. On September 17, 2018, the State filed a motion to correct error. The State's motion was deemed denied after the trial court failed to rule on the motion.

# Discussion and Decision

The State contends that the trial court erred by granting Engram's petition for a sentence modification. "We review a trial court's decision on a motion for sentence modification for abuse of discretion." *Newson v. State*, 86 N.E.3d 173,

174 (Ind. Ct. App. 2017), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Id.*

[7] Initially, we note that Engram argues that the trial court did not modify his sentence, but rather merely changed the venue where he was to serve the remainder of his sentence. We cannot agree. DOC documentation submitted to the trial court indicated that Engram's projected release date was December 1, 2040. The trial court's order on Engram's modification petition indicated that "[t]he court has suspended sufficient time to modify the [DOC] release date to 1/14/2019. Defendant's approved for the Community Transition Program, effective 9/17/2018. Defendant's modified [DOC] release date is 1/14/2019." Appellant's App. Vol. II p. 82. By modifying Engram's release date to January 14, 2019, the trial court clearly modified Engram's sentence.[2] As such, we turn our attention to whether the trial court erred by doing so.

[8] Indiana Code section 35-38-1-17, which governs the reduction and suspension of sentences, provides in relevant part:

> (a) … [T]his section applies to a person who:
>     (1) commits an offense; or

---

[2] Pursuant to Indiana Code section 11-8-1-5.5, a person is committed to a community transition program "for a period after a person's community transition program commencement date *until the person completes the person's fixed term of imprisonment*, less the credit time the person has earned with respect to the term." (Emphasis added). Thus, given that the trial court modified Engram's release date for his fixed term of imprisonment to January 14, 2019, Engram's placement in the community transition program would also end on that date.

(2) is sentenced;

before July 1, 2014.

****

(d) As used in this section, "violent criminal" means a person convicted of any of the following offenses:

(1) Murder ([Ind. Code section] 35-42-1-1).

****

(k) This subsection applies to a convicted person who is a violent criminal. A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. *After the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney.*

(Emphasis added).

[9] We considered a similar fact pattern in *Newson*. In that case, Newson was found guilty of murder and Class C felony carrying a handgun without a license on December 3, 1997. *Newson*, 86 N.E.3d at 174. On January 8, 1998, he was sentenced to an aggregate seventy-three-year sentence. *Id.* On September 2, 2016, Newson filed a motion to modify his sentence, requesting that the eight-year portion of his sentence imposed in relation to his Class C felony be served concurrently with his sixty-five-year sentence for murder. *Id.* The State objected, and the trial court denied Newson's motion. *Id.* On appeal, we concluded as follows:

As a violent criminal, [Newson] was not entitled to file a petition for sentence modification more than 365 days after his sentencing hearing without the consent of the prosecuting attorney. Newson

was sentenced in January of 1998. He did not file his motion for a sentence modification until September 2, 2016, far more than 365 days after he was sentenced. Pursuant to Indiana Code Section 35-38-1-17(k), the trial court could only grant Newson's request for a modification of his sentence if Newson first obtained the consent of the prosecuting attorney. Given the prosecuting attorney's objection, the trial court could not have granted Newson's requested relief.

*Id.*

[10] Engram, like Newson, was convicted of murder and qualified under the statute as a violent criminal. As such, pursuant to Indiana Code section 35-38-1-17(k) any motion for a sentence modification filed more than 365 days after his sentencing hearing required the consent of the prosecuting attorney. Engram was sentenced on April 3, 2001. He did not file his petition for a sentence modification until August 2, 2018, far more than 365 days after he was sentenced. Given the prosecuting attorney's objection to Engram's petition, the trial court "could not have granted" the requested relief. *Id.* Therefore, trial court erred by modifying Engram's sentence over the State's objection. On remand, we instruct the trial court to enter an order denying Engram's petition for a sentence modification and reinstating Engram's original sentence.

[11] The judgment of the trial court is reversed, and we remand with instructions.

Crone, J., and Tavitas, J., concur.