## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2019, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Matthew Nolan
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Matthew Nolan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 29, 2019 <br><br> Court of Appeals Case No. 19A-CR-570 <br><br> Appeal from the Floyd Superior Court <br><br> The Honorable Maria D. Granger, Judge <br><br> Trial Court Cause No. 22D03-0907-FB-1637 |

**Bailey, Judge.**

# Case Summary

[1]     Robert M. Nolan ("Nolan") appeals the denial of his petition for modification of his sentence. He raises several issues on appeal, which we consolidate and restate as the following dispositive issue: whether the trial court had authority to modify Nolan's sentence. Concluding that it did not, we affirm.

# Facts and Procedural History

[2]     On July 8, 2009, the State charged Nolan with rape, child molesting, and two counts of child seduction. On July 2, 2010, a jury found Nolan guilty as charged. On August 6, 2010, the trial court sentenced Nolan to an aggregate sentence of thirty years in the Indiana Department of Correction with eight years suspended to probation. We affirmed Nolan's convictions and sentence on direct appeal. *Nolan v. State*, no. 22A01-1007-CR-433, 2012 WL 456537 (Ind. Ct. App. Feb. 14, 2012), *trans. denied* (*Nolan I*). We also denied Nolan's petition for post-conviction relief. *Nolan v. State*, no. 22A01-1708-PC-1816, 2018 WL 3029018 (Ind. Ct. App. June 19, 2018), *trans. denied* (*Nolan II*).

[3]     On June 17, 2014, Nolan filed a petition to modify sentence. Following a hearing, the trial court denied the petition on March 2, 2015, and we affirmed the denial of modification. *Nolan v. State*, no. 22A01-1503-CR-120, 2016 WL 1274125 (Ind. Ct. App. Mar. 31, 2016), *trans. denied* (*Nolan III*). On May 1, 2018, Nolan again filed a petition to modify sentence. Following a hearing at which the State objected to Nolan's petition to modify, the trial court denied

Nolan's petition on November 30, 2018. Nolan filed a motion to correct error on December 21, 2018, and the court held a hearing on that motion on February 4, 2019. On February 7, the trial court denied Nolan's motion to correct error. This appeal ensued.

# Discussion and Decision

[4] Nolan contends the trial court erred when it denied his May 1, 2018, petition to modify his sentence. We review a trial court's decision regarding sentence modification for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Newson v. State*, 86 N.E.3d 173, 174 (Ind. Ct. App. 2017) (citing *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014)), *trans. denied*. However, we review matters of statutory interpretation *de novo*. *Gardiner*, 928 N.E.2d at 196.

[5] Indiana Code Section 35-28-1-17 governs the reduction and suspension of sentences and applies to defendants who committed their offenses or were sentenced before July 1, 2014. Subsection (k) provides that,

> "not later than three hundred sixty-five (365) days from the date of sentencing," a violent criminal may file one motion for sentence modification without the consent of the prosecuting attorney. After 365 days, a violent criminal is ineligible to move for sentence modification without the prosecuting attorney's consent. I.C. § 35-38-1-17(k).

*Newson*, 86 N.E.3d at 174. A "violent criminal" is defined as a person convicted of certain enumerated offenses, including rape and child molesting. I.C. § 35-28-1-17(d)(8), (10).

[6] Because (1) Nolan was convicted of rape and child molesting and is therefore a "violent criminal" as defined by the statute; (2) he committed, and was sentenced for, his offenses before July 1, 2014; and (3) more than 365 days have passed since the date of his sentencing, he is ineligible to file a petition for sentence modification without the prosecuting attorney's consent. *See* I.C. § 35-28-1-17(a), (d), (k). The State objected to his motion for sentence modification. Therefore, the trial court was without authority to modify Nolan's sentence.[1] *Id.*; *see also Newson*, 86 N.E.3d at 174; *Manley v. State*, 868 N.E.2d 1175, 1179 (Ind. Ct. App. 2007), *trans. denied*.

[7] However, like the defendant in *Newson*, Nolan argues that he is not a "violent criminal" as to two of his convictions—i.e., those for child seduction—because those convictions are not for one of the enumerated offenses listed under subsection (d) of the statute. As Newson did, Nolan argues that the trial court could have modified his sentence for those two non-violent offenses. However, as we explained in *Newson*, "[t]he statute defines the type [of] offender who may seek modification, not the specific crimes or portions of sentences that may be modified." *Newson*, 86 N.E.3d at 175 (quotations omitted). Thus, Nolan "is no

---

[1] Thus, we do not address Nolan's lengthy arguments attacking his sentences on the merits.

less a 'violent criminal' for purposes of Indiana Code Section 35-38-1-17(d) because he was convicted of both [violent crimes and non-violent crimes]." *Id.*

[8] Nolan also seems to maintain that the sentence modification statute, as interpreted in *Newson*, violates Article 1, Section 18, of the Indiana Constitution, which provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Again, this Court has previously addressed this same argument; as we have repeatedly noted, "it is well-settled Section 18 applies only to the penal code as a whole and not to individual sentences." *Cornelious v. State*, 988 N.E.2d 280, 282 n.4 (Ind. Ct. App. 2014), *trans denied*; *see also*, *e.g.*, *Henson v. State*, 707 N.E.2d 792, 796 (Ind. 1999) (same). Therefore, Nolan's Article 1, Section 18 claim also fails.

# Conclusion

[9] Because the trial court did not have authority to modify Nolan's sentence pursuant to Indiana Code Section 35-38-1-17, it did not abuse its discretion when it denied his petition for sentence modification.

[10] Affirmed.

Najam, J., and May, J., concur.