## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 18 2020, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Angus Toney
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angus Toney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 18, 2020

Court of Appeals Case No.
19A-CR-2907

Appeal from the Wayne Circuit Court

The Honorable David A. Kolger, Judge

Trial Court Cause No.
89C01-1010-FA-12

**Bailey, Judge.**

# Case Summary

[1] Angus Toney ("Toney"), acting pro se, appeals his sentences for robbery, as a Class B felony,[1] and burglary, as a Class A felony.[2] We affirm.

# Issues

[2] Toney raises the following two restated issues on appeal:

    1.    Whether the trial court abused its discretion when it denied his petition to modify his sentence.

    2.    Whether his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

[3] This Court discussed the facts of this case in Toney's direct appeal:

> On the evening of July 19, 2010, Toney and his accomplice, Chris Gregory ("Gregory"), entered into the home of G.R. while wearing bandanas over their faces. Once inside the home, Toney approached G.R., who was with her son C.R. Toney ordered C.R. to the floor and put his foot on the back of the boy's head. Toney put his knife to C.R.'s throat and told G.R. to "shut up" as he demanded her purse, money, and drugs. When she realized that she was still holding her mobile phone, G.R. attempted to dial 911. When Toney saw this, he grabbed G.R.'s

---

[1] Ind. Code § 35-42-5-1 (2010).

[2] I.C. § 35-43-2-1(2) (2010).

hand, twisted the phone out of her hand, and threw the phone
across the room. G.R. later testified that this caused her pain.
G.R.'s other son heard his mother screaming and came
downstairs with a baseball bat. He struck Toney in the head with
the bat, causing Toney to bleed. Toney left and sought treatment
at the hospital. Drops of Toney's blood were found at G.R.'s
house. DNA evidence obtained from this blood was later
determined to match Toney.

On October 25, 2010, the State charged Toney with Class A
felony burglary resulting in bodily injury and Class B felony
robbery. Toney admitted to committing Class B felony burglary
and Class B felony robbery, but a bench trial was held on the
issue of whether the burglary resulted in bodily injury, which
would elevate the burglary to a Class A felony. On July 25,
2011, the trial court found Toney guilty of Class A felony
burglary. The trial court sentenced Toney to forty years on the
Class A felony burglary conviction and to a concurrent term of
sixteen years on the Class B felony robbery conviction. Toney
now appeals.

*Toney v. State*, 961 N.E.2d 57, 58 (Ind. Ct. App. 2012). We affirmed. *Id*. at 61.

[4] On August 19, 2019, Toney filed a motion to modify his sentence, and the trial
court denied that motion on September 17, 2019. This appeal ensued.

# Discussion and Decision

## Motion to Modify Sentence

[5] Toney contends the trial court erred when it denied his August 19, 2019,
petition to modify his sentence. We review a trial court's decision regarding
sentence modification for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d

194, 196 (Ind. 2010). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Newson v. State*, 86 N.E.3d 173, 174 (Ind. Ct. App. 2017) (citing *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014), *trans. denied*. However, we review matters of statutory interpretation *de novo*. *Gardiner*, 928 N.E.2d at 196.

[6]     Indiana Code Section 35-38-1-17 governs the reduction and suspension of sentences and applies to defendants who committed their offenses or were sentenced before July 1, 2014. Subsection (k) provides that,

> "not later than three hundred sixty-five (365) days from the date of sentencing," a violent criminal may file one motion for sentence modification without the consent of the prosecuting attorney. After 365 days, a violent criminal is ineligible to move for sentence modification without the prosecuting attorney's consent. I.C. § 35-38-1-17(k).

*Newson*, 86 N.E.3d at 174. A "violent criminal" is defined as a person convicted of certain enumerated offenses, including robbery, as a Class B felony, and burglary, as a Class A felony. I.C. § 35-38-1-17(d)(12), (13).

[7]     Because (1) Toney was convicted of robbery, as a Class B felony, and burglary, as a Class A felony, and is therefore a "violent criminal" as defined by the statute; (2) he committed, and was sentenced for, his offenses before July 1, 2014; and (3) more than 365 days have passed since the date of his sentencing, he is ineligible to file a petition for sentence modification without the prosecuting attorney's consent. *See* I.C. § 35-38-1-17(a), (d), (k). The

prosecuting attorney did not consent to Toney's filing of a motion for sentence modification. Therefore, the trial court was without authority to modify Toney's sentence and did not err in denying his motion. *Id.*; *see also Newson*, 86 N.E.3d at 174; *Manley v. State*, 868 N.E.2d 1175, 1179 (Ind. Ct. App. 2007) (citing *State v. Fulkrod*, 753 N.E.2d 630 (Ind. 2001)), *trans. denied*.

[8] Nor is Toney entitled to a revision of his sentence under the doctrine of amelioration, as he seems to argue. Toney asserts that, because the penalty for his crimes was decreased by 2014 amendments to the statute, he is entitled to the decreased penalty. Ind. Code § 35-38-1-17 (2014); P.L. 168-2014, Sec. 58, eff. July 1, 2014. However, generally, a defendant must be sentenced under the statute in effect at the time the defendant committed the crime. *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008). Under the doctrine of amelioration, there is an exception to that rule when the penalty for the crime is decreased by an amendment enacted after commission of the crime *but prior to sentencing*. *Brown v. State*, 947 N.E.2d 486, 489 n.4 (Ind. Ct. App. 2011) (citing *Pritscher v. State*, 675 N.E.2d 727, 733-34 (Ind. Ct. App. 1996)), *trans. denied*. Here, it is clear that (1) Toney committed his crimes in 2010; (2) Toney was sentenced for those crimes in 2011; and (3) the penalty for those crimes was not reduced by statutory amendments until 2014, well after Toney had already been sentenced. Thus, the doctrine of amelioration is inapplicable.

## Appellate Rule 7(B)

Toney contends that his sentence is inappropriate in light of the nature of the offense and his character, and that we should therefore revise his sentence pursuant to our authority under Article 7, Sections 4 and 6 of the Indiana Constitution and Indiana Appellate Rule 7(B). However, when an issue is known and available but not raised on direct appeal, it is waived. *See, e.g.*, *Taylor v. State*, 840 N.E.2d 324, 330-31 (Ind. 2006). This includes claims that a sentence was manifestly unreasonable. *Id*. Toney's Rule 7(B) claim was available to him on his direct appeal, but he did not raise it. *Toney*, 961 N.E.2d 57. Therefore, he has waived that issue.

## Conclusion

The trial court did not err in refusing to modify Toney's sentence; rather, it had no authority to do so given that more than 365 days had passed since the date of his pre-July 1, 2014 sentencing and he did not have consent from the prosecuting attorney to file a petition for sentence modification. I.C. § 35-38-1-17(a), (d), (k). And Toney has waived his claim that his sentence should be revised because it was inappropriate, as that claim was available but not raised in his direct appeal. *Taylor*, 830 N.E.2d at 330-31.

Affirmed.

Crone, J., and Altice, J., concur.