## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brad Davis
Plainfield Correctional Facility
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brad Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 19, 2020

Court of Appeals Case No.
19A-CR-2686

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1102-MR-9870

**Crone, Judge.**

# Case Summary

Brad Davis appeals the denial of his motion for sentence modification. Because he has failed to present a cogent argument, we affirm.

# Facts and Procedural History

On February 13, 2011, Davis shot and killed Bryan Vizuet. The State charged Davis with murder and class A misdemeanor carrying a handgun without a license. A jury found Davis guilty of the lesser included offense of class A felony voluntary manslaughter and class A misdemeanor carrying a handgun without a license. On February 10, 2012, the trial court sentenced Davis to thirty-five years in the Department of Correction (DOC) with five years suspended.

On July 31, 2019, Davis, by counsel, filed a motion requesting the trial court to order the DOC to prepare a conduct report in anticipation of a motion for sentence modification. The trial court ordered the DOC to prepare the report, which the DOC filed on August 8, 2019. The DOC report shows that Davis completed the GRIP Program, the Purposeful Living Units Serve (PLUS) Program, and the DOL Assembly Tech Program, and has been continuously assigned to work and has never received a conduct report for poor behavior. The DOC report indicates that Davis's earliest possible release date is August 14, 2024. Appellant's App. Vol. 3 at 12.

On September 12, 2019, Davis, by counsel, filed a motion for sentence modification requesting placement in the Marion County Community

Corrections Program.  The State filed an objection to Davis's motion.  On October 3, 2019, the trial court issued an order denying Davis's motion. This appeal ensued.

## Discussion and Decision

[5] Before addressing Davis's argument, we note that he has chosen to proceed pro se:

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys.  This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

*Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016) (citations and quotation marks omitted), *trans. denied* (2017).

[6] Davis argues that the denial of his motion for sentence modification violates Article 1, Section 18 of Indiana Constitution, which provides, "The penal code shall be founded on the principles of reformation and not of vindictive justice." As best we can discern, Davis contends that the denial of his motion constitutes vindictive justice given that (1) his conduct report demonstrated his reformation, (2) he has fulfilled the requirements of allegedly applicable Indiana Code Chapter 35-38-2.6, and (3) the State's objection to his motion included erroneous, prejudicial statements.  Appellant's Br. at 8.  However, Davis has failed to set forth a standard of review or cite any case law in support of his

argument. Therefore, he has waived this issue by failing to present a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal); Ind. Appellate Rule 46(A)(8)(b) (requiring that argument include for each issue a concise statement of the applicable standard of review); *Casady v. State*, 934 N.E.2d 1181, 1190 (Ind. Ct. App. 2010) (failure to cite rules of evidence and case law waived claim of improperly admitted evidence), *trans. denied* (2011).

[7] Waiver notwithstanding, Davis's challenge to the denial of his motion for sentence modification is meritless. As a whole, Davis's arguments are more appropriately framed as whether the trial court abused its discretion in denying his motion for sentence modification. "We review a trial court's decision on a motion for sentence modification for abuse of discretion." *Newson v. State*, 86 N.E.3d 173, 174 (Ind. Ct. App. 2017), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Id.*

[8] "A trial judge generally has no authority over a defendant after sentencing; however, the legislature may give the court authority, under certain circumstances, to modify a defendant's sentence." *State v. Harper*, 8 N.E.3d 694, 696 (Ind. 2014). Davis filed his motion for sentence modification pursuant to Indiana Code Section 35-38-1-17, which applies to defendants who committed their offenses or were sentenced before July 1, 2014. However, except for subsections (k) and (m), Section 35-38-1-17 does not apply to violent

criminals. Ind. Code § 35-38-1-17(c). Davis was convicted of voluntary

manslaughter and is a violent criminal as defined by the statute. Ind. Code §

35-38-1-17(d)(3). Subsection (m) does not apply to Davis because it pertains

only to persons who commit an offense after June 30, 2014, and before May 15,

2015. Subsection (k) provides as follows:

> This subsection applies to a convicted person who is a violent
> criminal. A convicted person who is a violent criminal may, not
> later than three hundred sixty-five (365) days from the date of
> sentencing, file one (1) petition for sentence modification under
> this section without the consent of the prosecuting attorney.
> After the elapse of the three hundred sixty-five (365) day period,
> a violent criminal may not file a petition for sentence
> modification without the consent of the prosecuting attorney.

Here, Davis filed his motion for sentence modification more than 365 days after

the date of sentencing, and therefore pursuant to subsection (k) he was required

to obtain the consent of the prosecuting attorney for sentence modification and

did not.[1] As such, the trial court had no authority to modify Davis's sentence.

*See Johnson v. State*, 36 N.E.3d 1130, 1134-35 (Ind. Ct. App. 2015) ("Our courts

have consistently held that once the limited amount of time granted by the

---

[1] We reject Davis's argument that certain statements in the State's objection were erroneous and prejudicial.
Our review of the record on appeal shows that the challenged statements accurately reflect Davis's charges
and convictions, that his criminal history was a sentencing aggravator, and that he was seven and a half years
into his thirty-year sentence in the DOC. Furthermore, the State was not required to explain its reasons for
withholding consent, and Davis did not file a response to the State's objection.

statute has passed, the trial court is without authority to reduce or suspend a sentence unless the prosecutor consents."), *trans. denied*.

[9] To the extent that Davis claims that Indiana Code Section 35-38-1-17 runs afoul of the Indiana Constitution's prohibition against vindictive justice, we have previously rejected that argument. *See Manley v. State*, 868 N.E.2d 1175, 1178 (Ind. Ct. App. 2007) (affirming denial of motion for sentence modification and concluding that "[t]here was nothing vindictive about requiring Manley to serve his entire sentence, notwithstanding that he has diligently pursued education opportunities while incarcerated."), *trans. denied*.

[10] Finally, to the extent that Davis relies on Indiana Code Chapter 35-38-2.6, we note that Indiana Code Section 35-38-2.6-3 provides, "The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction." Section 35-38-2.6-3 applies "at the time of sentencing[,]" and therefore is inapplicable to sentence modification. *See Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001) (concluding that Section 35-38-2.6-3 does not allow trial court to modify placement after sentencing). We conclude that the trial court did not abuse its discretion in denying Davis's motion for sentence modification.

[11] Based on the foregoing, we affirm the denial of Davis's motion for sentence modification.

[12] Affirmed.

Bailey, J., and Altice, J., concur.