## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 22 2020, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jesus Ortiz
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesus Ortiz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 22, 2020

Court of Appeals Case No.
19A-CR-1473

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-0410-FA-102

**Mathias, Judge.**

[1]     Jesus Ortiz ("Ortiz") was convicted in St. Joseph Superior Court of two counts of Class A felony child molesting and ordered to serve an aggregate sixty-year

sentence with twenty years suspended to probation. Ortiz filed a petition for correction or modification of sentence, which the trial court denied. Ortiz appeals pro se and argues that the trial court abused its discretion when it denied his petition.

We affirm.

## Facts and Procedural History

In 2006, Ortiz was convicted of two counts of Class A felony child molestation for molesting his daughter.

> The trial court sentenced Ortiz to forty years in the Indiana Department of Correction for the child molesting conviction involving the intercourse and suspended twenty years of that sentence but ordered Ortiz to serve those twenty years in the Indiana Department of Correction as a condition of probation. The trial court left open the possibility of a sentence modification at the end of the first twenty-year portion of the sentence. The trial court ordered Ortiz to serve twenty years on the remaining conviction and then ordered that the sentences be served consecutively.

*Ortiz v. State*, 71A03-0607-CR-314, WL 2351067 at *1 (Ind. Ct. App. Aug. 20, 2007).

Ortiz appealed his convictions and sentence. With regard to his sentence, Ortiz argued that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Our court did not agree and affirmed Ortiz's sentence. *Id.* at *7. Ortiz also unsuccessfully petitioned for post-conviction relief alleging ineffective assistance of appellate counsel. Ortiz appealed, and our court affirmed the trial

court's denial of his petition for post-conviction relief. *Ortiz v. State*, 71A03-1704-PC-820, WL6614501 (Ind. Ct. App. Dec. 28, 2017),.

On May 6, 2019, Ortiz filed pro se a petition for correction of sentence or sentence modification citing Indiana Code section 35-38-1-15. In response, the State argued that Ortiz is a violent criminal and cannot file a sentence modification without the prosecutor's consent. The State declined to consent to modification of Ortiz's sentence. Appellee's App. p. 19. The trial court denied Ortiz's petition to correct his sentence. Ortiz now appeals.

## Discussion and Decision

We review the denial of a motion to correct erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* An inmate who believes that he has been erroneously sentenced may file a motion to correct an erroneous sentence, which is designed to provide a prompt and uncomplicated process to correct sentences. *Neff v. State*, 888 N.E.2d 1249, 1250–51 (Ind. 2008).

Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must

be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[8] Motions made pursuant to Indiana Code section 35-38-1-15 may only be used to attack a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). A sentence is defective on its face if it violates express statutory authority in effect at the time the sentence was pronounced. *Woodcox v. State*, 30 N.E.3d 748, 751 (Ind. Ct. App. 2015). When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, the alleged errors may only be attacked on direct appeal or, when appropriate, by petitions for post-conviction relief. *Robinson*, 805 N.E.2d at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[9] Ortiz's sentence is not facially erroneous. He was ordered to serve a forty-year sentence for one Class A felony child molesting conviction and twenty years for the other Class A felony child molesting conviction. On the date Ortiz committed his offense and was sentenced, the maximum term for a Class A felony was fifty years, the advisory sentence was thirty years, and the minimum sentence was twenty years. I.C. § 35-50-2-4. Ortiz was sentenced within those statutory parameters.

[10] To evaluate Ortiz's claim that he was sentenced in violation of *Blakely*, and that the trial court improperly considered the aggravating and mitigating circumstances, would require our court to look beyond the face of the judgment, which we will not do. *See Fulkrod v. State*, 855 N.E.2d 1064, 1067

(Ind. Ct. App. 2006). Moreover, our court previously rejected Ortiz's claim that his sentence violated *Blakely* when we considered the direct appeal of his sentence.

Finally, to the extent that Ortiz is claiming that his sentence warrants modification, Ortiz is ineligible to request a sentence modification without the prosecuting attorney's consent. Indiana Code section 35-38-1-17(k) provides "[a]fter the elapse of the three hundred sixty-five day period [from the date of sentencing], a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney." Ortiz is classified as a violent criminal. Ind. Code § 35-38-1-17(d). Because the prosecuting attorney did not consent to Ortiz's filing of a motion for sentence modification, the trial court was without authority to modify his sentence and did not abuse its discretion when it denied Ortiz's motion. *See Newson v. State*, 86 N.E.3d 173, 174 (Ind. Ct. App. 2017), *trans. denied*.

## Conclusion

For all of these reasons, we affirm the trial court's order denying Ortiz's petition for correction of sentence or sentence modification.

Affirmed.

Riley, J., and Tavitas, J., concur.